{¶ 50} Although I concur in the opinion written by Judge Brogan for the court, I write separately to explain my reason for overruling Smith's Fifth Assignment of Error. I rest my concurrence in the overruling of this assignment of error on the narrowness of the trial court's suppression ruling.
 {¶ 51} The trial court suppressed all evidence from the seized cell phone, except for the call record and numbers matching those supplied by the informant. I am impressed by the State's argument that, from the standpoint of the searching officers, there was some urgency in obtaining this information. A reasonable police officer could conclude that there might be a limit to the number of previous phone numbers contacted on the cell phone, and that the failure to obtain those phone numbers promptly might result in their becoming purged from the cell phone's memory as new calls came in. Thus, a reasonable police officer could conclude that there were exigent circumstances justifying obtaining the phone numbers stored in the memory of the cell phone without waiting for a warrant.
 {¶ 52} The touchstone of any Fourth Amendment search and seizure is reasonableness. This is incorporated in the text of the amendment, itself: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing *Page 17 
the place to be searched, and the persons or things to be seized." (Emphasis added.)
 {¶ 53} I conclude that it was reasonable for the officers taking Smith into custody to search the cell phone on his person for its record of phone numbers contacted, without first obtaining a warrant. On that narrow ground, I join in overruling Smith's Fifth Assignment of Error.